UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN E. TAPP,<br><br>                Plaintiff,<br><br>     -against-<br><br>JOHN CATALOO,<br><br>                Defendant. | 21-CV-0440 (CM)<br><br>ORDER OF DISMISSAL UNDER<br>28 U.S.C. § 1915(g) |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at Five Points Correctional Facility in Seneca County,

New York, brings this action *pro se*. Plaintiff has not prepaid the filing fees for this action or filed

an application to proceed *in forma pauperis* (IFP).

Plaintiff is barred under 28 U.S.C. § 1915(g) from filing any new action IFP while a

prisoner. *See Tapp v. New York State Dep't of Corr. and Comm. Super.*, 9:20-CV-01419, 5 (BKS)

(TWD) (N.D.N.Y. Dec. 14, 2020); *see also Tapp v. Doe*, ECF 1:21-CV-0138, 3 (S.D.N.Y. Jan.

11, 2021) (discussing district court cases finding that Plaintiff is barred under 28 U.S.C.

§ 1915(g)).[1] Under § 1915(g),

> [i]n no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has filed this new action without prepaying the filing fee. The Court therefore

assumes that he seeks IFP status. But his complaint does not show that he is in imminent danger

---

[1] In addition to the action under 21-CV-0138 and this case, Plaintiff recently filed two additional complaints in this Court. *See Tapp v. Figueroa*, ECF 1:21-CV-0454, 1 (S.D.N.Y. filed Jan. 4, 2021); *Tapp v. Goodman*, ECF 1:20-CV-0441, 1 (S.D.N.Y. filed Jan. 6, 2021).

of serious physical injury.[2] Rather, Plaintiff alleges that his "grievances are no longer turned in," and he was "denied a preliminary hearing." These allegations do not suggest that he faces an imminent danger of serious physical injury. Because the complaint fails to set forth such allegations, Plaintiff cannot bring this action without prepaying the filing fees.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses the complaint without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[3] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[4] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 20, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[3] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss any civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).